1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   SAMUEL R. SPENCER,                    No.  2:20-cv-01266 TLN AC

12              Plaintiff,

13        v.                               ORDER and FINDINGS AND
                                           RECOMMENDATIONS
14   ROBERT F. SINCLAIR, et al.,

15              Defendants.

16

17        Plaintiff is proceeding pro se, and the case was accordingly referred to the Magistrate

18   Judge pursuant to Local Rule 302(c)(21).  ECF No. 1.  Before the court are four fully briefed

19   motions to dismiss from separate defendants (ECF Nos. 6, 9, 11, 13); a fifth such motion has

20   recently been filed (ECF No. 25).  Upon review of the motions, the original complaint (ECF No.

21   1) and the first amended complaint (ECF No. 16), the undersigned finds that this court lacks

22   subject matter jurisdiction and cannot hear this case.  The lack of subject matter jurisdiction is

23   clear from the face of plaintiff's pleadings and could be determined sua sponte.  Because the

24   motions at ECF Nos. 6, 9 and 13 plainly identify the jurisdictional defect, the undersigned will

25   recommend those motions be GRANTED and that this case be dismissed without leave to amend.

26   The remaining motions (ECF Nos. 11 and 25) will be STRICKEN as MOOT.

27   ////

28   ////

                                           1

1

## I. BACKGROUND

2      Plaintiff filed his complaint in this court on June 24, 2020.  ECF No. 1.  The 232-page

3  complaint identifies the "primary objective" of the action as the invalidation of a declaratory

4  judgment issued by the Nevada County Superior Court, Case No. CU13-079381.  ECF No. 1 at

5  11.  That action involved a promissory note between plaintiff and defendants Brian and Patricia

6  Warren, related to a piece of property.  ECF No. 1 at 12-13.  Plaintiff contends the Nevada

7  County Superior Court lacked subject matter jurisdiction to hear the case.  Id. at 15.

8      The motion to dismiss brought by defendant W. Steven Shumway at ECF No. 13 sheds

9  light on the background of this case, stating the facts as follows.  In September of 2004, the

10  Warrens purchased approximately 70 acres of unimproved land located in Nevada County,

11  California pursuant to a purchase agreement in which plaintiff financed most of the purchase

12  price by a promissory note secured by deed of trust encumbering the property.  ECF No. 13-1 at

13  1-2.  The note provided that the interest rate for the last seven years would be negotiated by the

14  parties but would not exceed 9%.  Id. at 2.  In 2008 the Warrens filed Chapter 11 bankruptcy and,

15  in their plan, sought to fix the interest rate on the note at 7%.  Id.  In 2012, plaintiff set the interest

16  rate at 9%.  Id.  The Warrens disputed this and filed a motion in bankruptcy court.  Id.  The

17  bankruptcy court declined to set the rate and the bankruptcy judge informed the parties they were

18  entitled to take dispute to California state court.  Id.

19      In 2012, plaintiff started foreclosure proceedings, claiming an inter-spousal transfer of the

20  property triggered the note's "due on sale" clause.  Id.  On March 20, 2013, the Warrens filed suit

21  in Nevada County Superior Court to enjoin the foreclosure and for declaratory relief regarding the

22  interest rate of the note.  Id.  In November of 2013, while the Nevada County action was pending,

23  plaintiff sold his interest in the promissory note, the deed of trust, and the Nevada County action

24  to Highland Crofters, LLC.  Id. at 3.  The Nevada County court decided the foreclosure was

25  wrongful but that the holder of the note had the right to set the interest rate at 9%.  Id.

26      On November 6, 2015, plaintiff sued the Warrens and several other defendants in Placer

27  County Superior Court claiming abuse of process, malicious prosecution, and intentional

28  infliction of emotional distress arising from the Nevada County action.  Id.  The Placer County

1  court dismissed the case based on California's anti-SLAPP statute, Code of Civil Procedure §

2  425.16.  Id.  Plaintiff appealed to the Third District Court of Appeals, which upheld the decision

3  of the Placer County court.  Plaintiff petitioned the California Supreme Court, which denied the

4  petition on March 18, 2020.  Id.  Plaintiff then filed this action.

5         After several defendants filed motions to dismiss, plaintiff filed an unauthorized 472-page

6  amended complaint.  ECF No. 16.  Upon review of the filing, the court construed it as an

7  opposition to the several motions to dismiss with a request for leave to amend.  ECF No. 17.  Like

8  the original complaint, the purported amended complaint requests relief in the form of a ruling

9  that the decision in Nevada County Court case No. CU13-07931 is void.  ECF No. 16 at 8.

10                              **II. ANALYSIS**

11     A.  Motion and Dismissal for Lack of Subject Matter Jurisdiction

12         Multiple defendants have filed motions to dismiss based, at least in part, on the theory that

13  this court lacks subject matter jurisdiction over this case pursuant to the Rooker-Feldman

14  doctrine.  ECF Nos. 6-1 at 8, 9 at 2, and 13-1 at 5.  Federal courts are courts of limited

15  jurisdiction.  A federal court generally has jurisdiction over a civil action only when: (1) a federal

16  question is presented in an action "arising under the Constitution, laws, or treaties of the United

17  States" or (2) there is complete diversity of citizenship between the parties and the amount in

18  controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).  Absence of subject matter

19  jurisdiction requires a federal court to dismiss a case.  See Ruhrgas AG v. Marathon Oil Co., 526

20  U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy

21  itself of its jurisdiction over the subject matter before it considers the merits of a case").  Thus, "a

22  court may raise the question of subject matter jurisdiction, sua sponte, at any time during the

23  pendency of the action."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

24     B.  This Case is Barred by the Rooker-Feldman Doctrine

25         Plaintiff's complaint (ECF No. 1) and plaintiff's purported first amended complaint (ECF

26  No. 16) ask this court to overturn the judgment of the Nevada County Superior Court.  ECF No. 1

27  ////

28  ////

1   at 11; ECF No. 16 at 58.  The Rooker-Feldman doctrine[1] prohibits federal district courts from

2   hearing cases "brought by state-court losers complaining of injuries caused by state-court

3   judgments rendered before the district court proceedings commenced and inviting district court

4   review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544

5   U.S. 280, 284 (2005).  To determine if the Rooker-Feldman doctrine bars a case, a court must

6   first determine if the federal action contains a forbidden de facto appeal of a state court judicial

7   decision.  Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003).  If it does not, "the Rooker-Feldman

8   inquiry ends."  Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

9          If a court determines that the action is a "forbidden de facto appeal," however, the court

10  cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse

11  to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by

12  the state court in its judicial decision."  Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897

13  ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a

14  claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman

15  analysis.").  A complaint is a "de facto appeal" of a state court decision where the plaintiff

16  "complains of a legal wrong allegedly committed by the state court, and seeks relief from the

17  judgment of that court."  Noel, 341 F.3d at 1163.

18         Here plaintiff seeks to have the decision of the Nevada County court invalidated, and all

19  of the facts and requests for relief presented in this case are intertwined with that primary goal.

20  See ECF No. 16 at 58.  In seeking a remedy by which this court invalidates a state court decision

21  and amends the state court record, plaintiff is clearly asking this court to "review the final

22  determinations of a state court in judicial proceedings," which lies at the core of Rooker-

23  Feldman's prohibition.  In re Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000).  Accordingly,

24  plaintiff's action, on its face, clearly constitutes a "forbidden de facto appeal" and the court lacks

25  subject matter jurisdiction to consider it.

26  ////

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28  [1]  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of
    Appeals v. Feldman, 460 U.S. 462 (1983).

1     C. Leave to Amend

2          Plaintiffs appearing in pro se are to be given leave to amend unless it is clear that

3    amendment would be futile.  Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987).  Because

4    plaintiffs' complaint is clearly barred by the Rooker-Feldman doctrine, amendment would be

5    futile.

6                                      **III.  CONCLUSION**

7          Based on the foregoing, it is recommended that defendants motions to dismiss at ECF

8    Nos. 6, 9 and 13 be GRANTED, and that plaintiffs' complaint be DISMISSED for lack of subject

9    matter jurisdiction without leave to amend.

10         It is further ORDERED that the remaining pending motions (ECF Nos. 11 and 25) are

11   STRICKEN and removed from the court's calendar as the ruling on ECF Nos. 6, 9 and 13 will

12   render them moot.

13         These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

15   after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

17   document should be captioned "Objections to Magistrate Judge's Findings and

18   Recommendations."  Failure to file objections within the specified time may waive the right to

19   appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez

20   v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

21   DATED: September 3, 2020

22

23                                          ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28

                                                5