1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAMUEL R. SPENCER,                    No.  2:20-cv-01266 TLN AC

12                 Plaintiff,

13        v.                               FINDINGS AND RECOMMENDATIONS

14   ROBERT F. SINCLAIR, et al.,

15                 Defendants.

16

17          This matter is before the court on plaintiff's motion for reconsideration of the judgment

18   under Federal Rule of Civil Procedure 60 (ECF No. 35) and plaintiff's two motions to amend the

19   judgment pursuant to Federal Rule of Civil Procedure 59 (ECF Nos. 36 and 37).  Plaintiff is

20   proceeding pro se, and accordingly the motions were referred to the undersigned pursuant to

21   Local Rule 302(c)(21).  For the reasons that follow, all three motions should be DENIED.

22                  I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

23          Plaintiff filed his complaint on June 24, 2020 and paid the filing fee.  ECF No. 1.  On

24   September 3, 2020, the undersigned issued findings and recommendations that this case be

25   dismissed for lack of subject matter jurisdiction without leave to amend.  ECF No. 27.  Plaintiff

26   filed objections to the findings and recommendations.  ECF No. 28.  On October 22, 2020, the

27   district judge adopted the findings and recommendations, and entered judgment.  ECF Nos. 31,

28   32.

1

## II.   STANDARDS

2      The law of the case doctrine provides that "a court is generally precluded from

3 reconsidering an issue that has already been decided by the same court, or a higher court in the

4 identical case."  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).  A motion for

5 reconsideration generally should not be granted unless the district court is presented with newly

6 discovered evidence, has committed clear error, or there has been an intervening change in the

7 controlling law.  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880

8 (9th Cir. 2009).  A party seeking reconsideration must do more than disagree with the court's

9 decision or recapitulate that which the court has previously considered.  United States v.

10 Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Nor can a reconsideration

11 motion "be used to raise arguments or present evidence for the first time when they could

12 reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, 571 F.3d at 880.

13 "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the

14 court to reverse its prior decision."  Westlands Water Dist., 134 F.Supp.2d at 1131 (internal

15 citations omitted).

16      Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final

17 judgment or any order where one of more of the following is shown: (1) mistake, inadvertence,

18 surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence,

19 could not have been discovered within twenty-eight days of entry of judgment; (3) fraud,

20 misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5)

21 satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  A

22 motion for reconsideration on any of these grounds must be brought within a reasonable time, and

23 no later than one year, of the entry of the judgment or the order being challenged.  Id.  "Motions

24 for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are

25 addressed to the sound discretion of the district court..."  Allmerica Financial Life Insurance and

26 Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

27      A Rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which

28 should be used sparingly."  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  In

general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

### III.    ANALYSIS

Plaintiff has not argued any of the Rule 60(b) grounds for relief from judgment, nor referenced any circumstances that could be construed as implicating any of the Rule 60(b) criteria.  Nor has he identified any cognizable ground for reconsideration or articulated a valid rationale under Rule 59(e).  Instead, plaintiff re-argues the merits of the case.  This is insufficient as a matter of law.  See Fed. R. Civ. P. 60(b); Westlands Water Dist., 134 F.Supp.2d at 1131; Fed. R. C. P. 59(e); Allstate Ins. Co., 634 F.3d at 1111.  Neither relief from nor alteration of the judgment is warranted.

### IV.    CONCLUSION

It is HEREBY RECOMMENDED that plaintiff's motions (ECF Nos. 35, 36, 37) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

////

////

1    Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

2    (9th Cir. 1991).

3    DATED: November 24, 2020

4

5    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28