UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL R. SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F. SINCLAIR, et al.,<br><br>Defendants. | No. 2:20-cv-01266 TLN AC<br><br><br><br>ORDER |

Plaintiff is proceeding in this matter pro se, and accordingly this motion was referred to the undersigned pursuant to Local Rule 302(c)(21). On January 21, 2021, plaintiff filed a motion for leave to file overlength briefing related to a post-judgment motion. ECF No. 47. The court denied the motion based on plaintiff's excessive filings in this case and the fact that the court has already found itself to be without jurisdiction. ECF No. 48. Plaintiff now makes a second motion for excess pages related to a planned post-judgment filing. ECF No. 49.

Again, the court will not allow plaintiff to file excess pages. There is no good reason that plaintiff's concerns cannot be briefed within the usual parameters. The motion at ECF No. 49 is DENIED. The court will entertain <u>no further motions to file excess pages</u>.

As previously explained, the only appropriate motions available to plaintiff in this closed case are post-judgment motions pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60. Plaintiff has filed several duplicative motions and documents in this case. Plaintiff shall file no further

duplicative motions. Local Rule 110 states that the failure of "a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." If plaintiff continues to file motions other than the post-judgment motions allowed by the Federal Rules of Civil Procedure, he may subject himself to monetary sanctions.

DATED: January 26, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE