UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL R. SPENCER, | No. 2:20-cv-01266 TLN AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT F. SINCLAIR, et al., | |
| Defendants. | |

This matter is before the court on plaintiff's motion for reconsideration of the judgment under Federal Rules of Civil Procedure 59 and 60. ECF No. 56. Plaintiff is proceeding pro se, and accordingly the motions were referred to the undersigned pursuant to Local Rule 302(c)(21). For the reasons that follow, the motion should be DENIED.

**I.     RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed his complaint on June 24, 2020 and paid the filing fee. ECF No. 1. On September 3, 2020, the undersigned issued findings and recommendations that this case be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, without leave to amend. ECF No. 27. Plaintiff filed objections to the findings and recommendations. ECF No. 28. On October 22, 2020, the district judge adopted the findings and recommendations, and entered judgment. ECF Nos. 31, 32. In November of 2020, plaintiff filed multiple post-judgment motions that attempted to re-litigate the merits of his case, which the

1  undersigned recommended denying.  ECF No. 38.  The district judge adopted the
2  recommendation.  ECF No. 46.  Plaintiff appealed this case to the Ninth Circuit and the appeal is
3  pending.  ECF Nos. 52, 53.  Plaintiff filed several requests before filing the motion at bar,
4  including requests to exceed court-imposed page limits.  See ECF Nos. 39, 40, 42, 43, 47, 49.
5  The undersigned denied requests to exceed the page limit and restricted plaintiff to filing only
6  appropriate post-judgment motions or face potential monetary sanctions.  ECF No. 50.  Plaintiff
7  now brings a post-judgment motion for relief from judgment.  ECF No. 56.

## II.   STANDARDS

9  The law of the case doctrine provides that "a court is generally precluded from
10 reconsidering an issue that has already been decided by the same court, or a higher court in the
11 identical case."  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).  A motion for
12 reconsideration generally should not be granted unless the district court is presented with newly
13 discovered evidence, has committed clear error, or there has been an intervening change in the
14 controlling law.  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880
15 (9th Cir. 2009).  A party seeking reconsideration must do more than disagree with the court's
16 decision or recapitulate that which the court has previously considered.  United States v.
17 Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Nor can a reconsideration
18 motion "be used to raise arguments or present evidence for the first time when they could
19 reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, 571 F.3d at 880.
20 "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the
21 court to reverse its prior decision."  Westlands Water Dist., 134 F.Supp.2d at 1131 (internal
22 citations omitted).
23 Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final
24 judgment or any order where one of more of the following is shown: (1) mistake, inadvertence,
25 surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence,
26 could not have been discovered within twenty-eight days of entry of judgment; (3) fraud,
27 misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5)
28 satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  A

motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court..." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

A Rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

### III.   ANALYSIS

Plaintiff's motion must be denied for several reasons. First, at 68 pages including incorporated exhibits, it exceeds the court's page limit, after the undersigned expressly denied requests to exceed the page limit. ECF No. 47. More importantly, once again plaintiff re-argues the merits of the case rather than articulating valid reasons for reconsideration under the Federal Rules. Plaintiff's argument that the dismissal of his case for lack of jurisdiction under the Rooker-Feldman doctrine is a "manifest denial of my due process rights," ECF No. 56 at 7, does not meet the requirements of Rule 59(e). Plaintiff's unsupported contention that a "declaratory judgment has no relationship to the Rooker-Feldman doctrine" is both inaccurate and unsupported. Id. at 11-12. Plaintiff cites an exception to the Rooker-Feldman doctrine that applies in bankruptcy court in certain contexts, but is irrelevant here; this is not a bankruptcy court. Id. at 13. Plaintiff does not identify any error of law or fact related to the court's finding that it lacks jurisdiction in this case. As previously explained, re-articulation of the merits of his case is insufficient as a matter of law. See Fed. R. Civ. P. 60(b); Westlands Water Dist., 134 F.Supp.2d at 1131; Fed. R. C. P. 59(e); Allstate Ins. Co., 634 F.3d at 1111.

Further, plaintiff's argument that the district judge failed to conduct a de novo review of the undersigned's recommendations is baseless. Plaintiff's conclusory statement that the district judge acted improperly in adopting the findings and recommendations in this case is unsupported and should be disregarded. ECF No. 56 at 8-9. Neither relief from nor alteration of the judgment is warranted.

## IV. CONCLUSION

It is HEREBY RECOMMENDED that plaintiff's motion at ECF No. 56 be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 19, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE